41 F.3d 1519
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Gregorio C. LUNA, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7092.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1994.
 
 ON MOTION
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and NIES, Circuit Judge.
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Gregorio C. Luna's appeal for lack of jurisdiction.* Luna has not filed a response.
 
 
 2
 In 1955, the Board of Veterans Appeals determined that Luna had forfeited his right to any benefits because of his submission of fraudulent medical evidence to support his entitlement to benefits for pulmonary tuberculosis. In 1989, Luna sought to reopen his claim. On October 23, 1991, the Board of Veterans Appeals denied Luna's claim on the ground that Luna had not submitted material evidence to warrant reopening his claim. The Court of Veterans Appeals summarily affirmed the Board's decision.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Luna disputes the fairness of the decision concerning forfeiture based on fraud. The crux of Luna's arguments is that the Court of Veterans Appeals erred in failing to take into account his proffered evidence indicating that a doctor submitted a fraudulent x-ray without his knowledge. Essentially, Luna seeks review of the Court of Veterans Appeals factual determinations and its application of the law to the facts of his case. However, this court has no jurisdiction to review either factual determinations or challenges to the law as applied to the facts of a case. As this court has no jurisdiction to conduct the inquiry that Luna requests, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 The Secretary also moves to "waive the requirement to file the certified list." The basis for this motion is not understood as the Court of Veterans Appeals filed, as it always does, the certified list when it transmits the notice of appeal. Thus, the Secretary's motion is moot